UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE R. TOBEY,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____/

CASE NO. 11-15069

HON. MARIANNE O. BATTANI

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff Jermaine R. Tobey's Objections to the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 14). After the administrative law judge ("ALJ") denied benefits, Tobey appealed the decision. The matter was referred to Magistrate Judge Michael J. Hluchaniuk pursuant to 28 U.S.C. § 636(b)(1)(B), wherein the parties filed cross-motions for summary judgment. In response to the R&R, Tobey argues the ALJ improperly concluded he could perform medium work despite his impairments and conducted an incomplete Residual Functional Capacity ("RFC") assessment. Tobey also cites the Magistrate Judge's failure to address the side effects of his medication as cause for the Court to reverse the decision of the Commissioner. For the reasons stated below, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** Magistrate Judge's R&R, **DENIES** Plaintiff's Motion for Summary Judgment, and **GRANTS** Defendant's Motion for Summary Judgment.

## I.     STATEMENT OF FACTS

As the parties have not objected to the Magistrate Judge's recitation of the procedural history and administrative record, the Court adopts that portion of the R&R as if fully set forth herein.  <u>See</u> (Doc. 13 at 3-13).

## II.    STANDARD OF REVIEW

### A.     Objections to Magistrate Judge's Report and Recommendation

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  <u>Id.</u>  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  <u>United States v. Shami</u>, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  <u>Flournoy v. Marshall</u>, 842 F.2d 875, 878 (6th Cir. 1987).

### B.     Commissioner's Disability Determination

Judicial review of the Commissioner's disability decision is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching his conclusion.  <u>Brainard v. Sec'y of HHS</u>, 889 F.2d 679, 681 (6th Cir. 1989).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  <u>Casey v.</u>

Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009).  Consequently, the standard of review is deferential and allows considerable latitude to administrative decisionmakers because it presupposes there is a "zone of choice" within which the decisionmakers can go either way, without interference by the courts. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994);  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

When determining whether substantial evidence supports the Commissioner's decision, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight."  Id.  When the Appeals Council declines to review the Administrative Law Judge's ("ALJ") decision, the court's review is limited to the record and evidence before the ALJ.  Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993).  The court may look at any evidence in the administrative record, even if it has not been cited by the ALJ.  Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir. 1989).  There is no requirement, however, that the reviewing court discuss every piece of evidence in the record.  Kornecky v. Comm'r of Soc. Sec., 167 F.App'x. 496, 508 (6th Cir. 2006).  Moreover, the court may not conduct a de novo review of the evidence, determine credibility, or weigh the evidence.  Brainard, 889 F.2d at 681.  The court's role is limited to a search for substantial evidence, that which is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

III.   **ANALYSIS**

    A.   **Framework for Disability Determination**

In order to qualify as "disabled" under the Social Security Act, a claimant must be "[unable] to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In a step-by-step sequential process, the Commissioner considers whether the claimant: (1) worked during the alleged period of disability; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; (4) can return to past relevant work; and (5) if not, whether she can perform other work in the national economy. 20 C.F.R. § 416.920(a). Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. Richardson v. Sec. of HHS, 735 F.2d 962, 964 (6th Cir. 1984).

    B.   **Plaintiff's Objections**

Tobey's first objection is that the ALJ erroneously concluded that he could perform "medium work" despite the findings of cervical myositis and herniated cervical disk. In turn, because the ALJ found the impairments to be severe, he asserts the ALJ was required to factor the impairments into the RFC.

The Magistrate Judge noted the ALJ found that Tobey had the following severe impairments: "HIV status, cervical myositis, herniated cervical disk, obesity, major depressive disorder, panic disorder, and anxiety disorder." (A.R. 14). In addition, the ALJ determined that Tobey had the following RFC:

> [t]he claimant has the residual functional capacity to perform medium work as defined in 20 CFR 41.6967(c) except being unable to lift more than 50 pounds occasionally and 20 pounds frequently, not more than occasional rotation, flexion, or extension of his neck, being limited to occupations which do not require complex written or verbal communications, being restricted to low stress jobs, defined as requiring not more than occasional decision-making and not more than occasional changes in the work setting, being restricted to work where there is no production rate or production pace, having not more than brief (up to 10% of the work day) interaction with the public, co-workers, and supervisors, and having health related absences of up to two times per month.

(A.R. 16).

Contrary to Tobey's assertion, the ALJ did examine the evidence regarding cervical myositis and herniated cervical disk. (A.R. 17). The ALJ noted the lack of evidence in the medical record that Tobey suffered from such impairments, stating that most of the record medical evidence consisted of reports regarding Tobey's HIV status and mental condition. (Id.) Moreover, the ALJ based his finding that Tobey had severe impairments of cervical myositis and herniated cervical disk solely on a prior decision of ALJ Roy Roulhac in September of 2007. The ALJ further noted that the lack of medical evidence regarding these impairments "strongly indicates that the claimant's physical condition has improved so much that he does not require constant medical attention." (A.R. 18). In addition, he noted "[n]o physician has placed any restrictions on [Tobey's] activities, other than to have safe sex." (Id.) Although Tobey correctly cites Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987) for the proposition that the ALJ's RFC must accurately portray a claimant's impairments, there is no error in the case at hand. Here, the ALJ correctly noted the lack of evidence in the record regarding cervical myositis and herniated cervical disk along with evidence that such conditions had progressively improved. (A.R. 18). Further, the ALJ noted that

Tobey's medical improvement "strongly indicates that [Tobey] can perform medium exertional work," for which the RFC properly accounted. (A.R. 19). Tobey asserts the ALJ was required to analyze whether the lack of medical evidence was attributable to Tobey's indigence and inability to obtain treatment. However, it is Tobey's burden to provide sufficient evidence regarding his impairments. See Boyes v. Sec'y of HHS, 46 F.3d 510, 512 (6th Cir. 1994). It is not incumbent upon the ALJ to speculate whether the lack of evidence is the result of inability to visit physicians when there is no such evidence in the record. In fact, it is clear from the record Tobey was on several medications and still visiting his physicians for treatment at the time. (A.R. 29-30, 46-47). Therefore, Tobey's objection is without merit.

Tobey also makes a final vague objection regarding the ALJ's failure to consider whether his HIV medications caused side effects disturbing his ability to perform sustained work. (Doc. 14 at 3). However, the ALJ properly considered the side effects of the HIV medication in his analysis, stating "[Dr. Patricia Brown] wrote on February 19, 2010, that the claimant had been started on medications for his HIV and that he had a tolerance problem, specifically nausea and a generalized rash. His rash was resolved in three days, and the claimant overall was feeling well." (A.R. 17). The ALJ also noted that Dr. Brown determined Tobey's appetite was "good" and that he has "maintained 'excellent' adherence with his treatment." (Id.) There is no evidence of any other side effects, and Tobey identities none in his objections. Thus, contrary to Tobey's argument, the ALJ properly determined Tobey suffered no noteworthy ill collateral effects of the medication and did not see fit to analyze whether the same would affect Tobey's ability to perform sustained work.

**IV.    CONCLUSION**

It is clear from the record that the decision of the Commissioner to deny benefits is supported by substantial evidence in the record.    Consequently, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** Magistrate Judge's R&R, **DENIES** Plaintiff's Motion for Summary Judgment, and **GRANTS** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE


DATE:  March 14, 2013

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the above date a copy of this Order was served upon all of record via ordinary U.S. Mail and/or electronically.

s/Bernadette M. Thebolt
Case Manager